IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

D. CARLTON BROWN,

    Plaintiff,                      No. CIV S-05-0964 MCE DAD P

    vs.

J.S. WOODFORD, et al.,

    Defendants.             <u>ORDER</u>

        Plaintiff is a state prisoner confined in the California Institution for Men. Plaintiff is proceeding pro se with a civil rights action seeking relief pursuant to 42 U.S.C. § 1983. Plaintiff's complaint and application to proceed in forma pauperis were filed in the United States District Court for the Southern District of California on April 13, 2005. In a transfer order filed May 12, 2005, the court in the Southern District determined that plaintiff has alleged Eighth Amendment violations by prison officials at the California Institution for Men and found venue proper in the Eastern District of California on the ground that a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of California.

        The California Institution for Men is located in Chino, California, which is located in San Bernardino County. San Bernardino County lies within the Eastern Division of the Central District of California. 28 U.S.C. § 84(c)(1). It appears that the court in the Southern

1  District intended to transfer this action to the Eastern Division of the Central District of
2  California, where the events and omissions at issue occurred, rather than to the Eastern District
3  of California.

4        Plaintiff's complaint names four defendants: the acting warden of the California
5  Institution for Men, a correctional counselor at that institution, the director of the California
6  Department of Corrections, and the governor of California. Plaintiff alleges that the director "is
7  responsible for the actions of his [sic] subordinates" and the governor "is responsible for the
8  actions of all state agency employees under his authority." Venue may be technically proper in
9  the Eastern District of California because the director and the governor reside in this district.
10 However, plaintiff has alleged no facts linking either the director or the governor to the claimed
11 civil rights violations. These two defendants are subject to dismissal because plaintiff has sued
12 them solely on a theory of <u>respondeat superior</u>. If the defendants who reside in Sacramento are
13 dismissed, venue will not be proper in the Eastern District. Accordingly, in the interests of
14 justice, this action will be transferred to the Central District of California, where the alleged
15 violations occurred and where defendants Juarez and Ramirez reside. <u>See</u> 28 U.S.C. § 1404(a).

16       IT IS HEREBY ORDERED that this action is transferred to the Central District of
17 California for further proceedings.
18 DATED: May 20, 2005.

*signature: Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

21 DAD:13
   brow0964.21

2